**UNITED STATES**

**v.**

**Ray F. SAMUELS, 188 50 6677, Sergeant (E–5), U. S. Marine Corps.**

**NMCM 82 1994.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 6 Nov. 1981.

Decided 30 June 1982.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LT Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

CAPT T. C. Watson Jr., JAGC, USN, Appellate Government Counsel.

Before SANDERS, Senior Judge, and BOHLEN and MICHAEL, JJ.

---

SANDERS, Senior Judge:

This is appellant's second court-martial for unauthorized absences. On 16 March 1981 he was tried by special court-martial for an unauthorized absence from 1 December 1980 until 26 January 1981. On 29 April 1981 he began the five-month unauthorized absence which is the subject of these proceedings. Both absences were precipitated by the same unfortunate domestic difficulty.

The trial counsel at appellant's first trial was the appointed defense counsel at his second.

At the outset we note that nothing in the record even hints of any actual impropriety on the part of counsel. Nevertheless, his dual role in these cases is questionable and for a reason apparently not recognized by either the military judge or the staff judge advocate. The former took care to assure that appellant knowingly waived any complaint he might have had and the latter determined that appellant had not been prejudiced, but neither of record considered the interest of the government.

The danger in a lawyer representing a client in a case related to an earlier case in which he represented the adverse party is not that he may compromise his second client but that, in vigorously and adequately representing his second client, he may inadvertently compromise his first.

> A lawyer should not use information acquired in the course of the representation of a client to the disadvantage of the client and a lawyer should not use, except with the consent of his client after full disclosure, such information for his own purposes. Likewise, a lawyer should be diligent in his efforts to prevent the misuse of such information by his employees and associates. Care should be exercised by a lawyer to prevent the disclosure of the confidences and secrets of one client to another, and no employment should be accepted that might require such disclosure.

American Bar Association, Code of Professional Responsibility, EC 4–5.

We assume that the convening authority waived any objection which the government might have had to the present arrangement, but he should not have placed counsel and himself in this potentially awkward situation. In a case involving other facts and issues the result might not be so innocuous.

The findings of guilty and the sentence as approved on review below are affirmed.

Judge BOHLEN and Judge MICHAEL concur.